a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BRANDON CHAMBERS #72429-509,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00779<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| K GOLDEY ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Brandon Chambers ("Chambers"). Chambers is imprisoned at the United States Penitentiary in Pollock, Louisiana. He seeks his immediate release from imprisonment.

To determine whether Chambers has exhausted administrative remedies, he must AMEND the Petition.

## I.    Background

Chambers was convicted of Possession with Intent to Distribute Controlled Substances and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(A), 922(g)(1), and 924(a)(2). He was sentenced to a total term of 165 months of imprisonment, with credit for time served. *United States v. Chambers*, 1:21-CR-848 (N.D. Ohio), ECF No. 91.

Chambers alleges that his Petition is a "compulsory counterclaim" related to his criminal case, which he calls a "subrogation claim." ECF No. 5 at 1. He asserts

1

that the District Judge issued a "full credit" for time served, which he interprets as the completion of his sentence. *Id.* He alleges that "notary certificates establish prima facie evidence in this matter, as well as payment bonds establishing prima facie evidence of the original." ECF No. 5 at 6.

II.    <u>Law and Analysis</u>

A petitioner must exhaust all available administrative remedies before challenging the computation of a sentence through a federal habeas petition. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (per curiam); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion doctrine requires a petitioner to "fairly present all of his claims" through all steps of the available administrative remedy process before pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987). Petitioners who voluntarily stop pursuing their administrative remedies prematurely have not exhausted those remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Similarly, petitioners who either start or continue administrative remedy proceedings after filing their habeas petition have not satisfied the exhaustion requirement. *See Fuller*, 11 F.3d at 62; *see also Cartwright v. Outlaw*, 293 F. App'x 324, 324 (5th Cir. 2008) (per curiam); *Little v. U.S. Parole Comm'n*, 67 F. App'x 241, 2003 WL 21108493, at *1 (5th Cir. 2003) (per curiam). When a petitioner fails to exhaust available administrative remedies before filing a habeas petition, the petition is subject to dismissal. *See Fuller*, 11 F.3d at 62.

The Bureau of Prisons provides a four-step administrative remedy process through which prisoners can present a complaint. *Dale v. Hawkins*, 22-cv-3224, 2023 WL 2601215, at *3 (S.D. Tex. 2023) (citing 28 C.F.R. §§ 542.10–542.18). In the first step, the prisoner presents the issue to staff using a BP-8 form, and staff attempts to informally resolve the issue. *See* 28 C.F.R. § 542.13(a). If the issue is not resolved to the prisoner's satisfaction, the prisoner files a formal Administrative Remedy Request with the warden using a BP-9 form. *See* 28 C.F.R. § 542.14(a). The warden has 20 days in which to respond to the request, but this time may be extended once for an additional 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the request is deemed denied. *Id.*

If the prisoner is not satisfied with the warden's response, the prisoner must appeal to the Regional Director within 20 days by submitting a BP-10 form. *See* 28 C.F.R. § 542.15(a). The Regional Director has 30 days in which to respond to the appeal, but this 30-day period may be extended once for another 30 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.*

If the prisoner is not satisfied with the Regional Director's response, the final step requires the prisoner to appeal within 30 days to the Office of General Counsel using a BP-11 form. *See* 28 C.F.R. § 542.15. The Office has 40 days in which to respond to the appeal, and this 40-day period may be extended once by 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted

time, including any extension, the appeal is viewed as denied. *Id.* The appeal to the Office of General Counsel is the final administrative appeal provided by the Bureau of Prisons. *Id.*

Chambers does not allege or provide evidence of exhaustion. He must amend accordingly, and provide copies of any responses received at each level.

III.    <u>Conclusion</u>

Because Chambers has not established that he exhausted administrative remedies, IT IS ORDERED that he AMEND the Petition within 30 days of the date of this Order.

SIGNED on Thursday, October 30, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE