a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRANDON CHAMBERS #72429-509, Petitioner | CIVIL DOCKET NO. 1:25-CV-00779 SEC P |
| VERSUS | JUDGE EDWARDS |
| K GOLDEY ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Brandon Chambers ("Chambers"). At the time of filing, Chambers was imprisoned at the United States Penitentiary in Pollock Louisiana. He seeks his immediate release from imprisonment.

Because Chambers did not exhaust administrative remedies as to the computation of his sentence, and he otherwise fails to state a viable claim under § 2241, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Chambers was convicted of possession with intent to distribute controlled substances and possession of a firearm by a convicted felon. He was sentenced to a total term of 165 months of imprisonment. *United States v. Chambers*, 1:21-CR-848 (N.D. Ohio), ECF No. 91.

Chambers alleges that his Petition is a "compulsory counterclaim" related to his criminal case, which he calls a "subrogation claim." ECF No. 5 at 1. He asserts

1

that the District Judge issued a "full credit" for time served, which he interprets as the completion of his sentence. *Id.* He alleges that "notary certificates establish prima facie evidence in this matter, as well as payment bonds establishing prima facie evidence of the original." ECF No. 5 at 6.

Because Chambers seemingly challenged the computation of his sentence, he was ordered to amend to establish that he exhausted remedies[1]. ECF No. 7. In response, Chambers alleges that he filed a BP-9 in 2023. ECF No. 8-12 at 1. Elsewhere, he alleges that "[t]he Administration has never responded, including the Regional Director."

---

[1] The Bureau of Prisons provides a four-step administrative remedy process through which prisoners can present a complaint. *Dale v. Hawkins*, 22-cv-3224, 2023 WL 2601215, at *3 (S.D. Tex. 2023) (citing 28 C.F.R. §§ 542.10–542.18). In the first step, the prisoner presents the issue to staff using a BP-8 form, and staff attempts to informally resolve the issue. *See* 28 C.F.R. § 542.13(a). If the issue is not resolved to the prisoner's satisfaction, the prisoner files a formal Administrative Remedy Request with the warden using a BP-9 form. *See* 28 C.F.R. § 542.14(a). The warden has 20 days in which to respond to the request, but this time may be extended once for an additional 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the request is deemed denied. *Id.*

If the prisoner is not satisfied with the warden's response, the prisoner must appeal to the Regional Director within 20 days by submitting a BP-10 form. *See* 28 C.F.R. § 542.15(a). The Regional Director has 30 days in which to respond to the appeal, but this 30-day period may be extended once for another 30 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.*

If the prisoner is not satisfied with the Regional Director's response, the final step requires the prisoner to appeal within 30 days to the Office of General Counsel using a BP-11 form. *See* 28 C.F.R. § 542.15. The Office has 40 days in which to respond to the appeal, and this 40-day period may be extended once by 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* The appeal to the Office of General Counsel is the final administrative appeal provided by the Bureau of Prisons. *Id.*

Additionally, Chambers alleges that he is a "Moorish National" and asserts claims under the Uniform Commercial Code ("UCC"). ECF No. 8-1 at 48. He also submits various documents purporting to be surety bonds and payment bonds. ECF No. 8-1.

## II.   Law and Analysis

A petitioner must exhaust all available administrative remedies before challenging the computation of a sentence through a federal habeas petition. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (per curiam); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion doctrine requires a petitioner to "fairly present all of his claims" through all steps of the available administrative remedy process before pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987). Petitioners who voluntarily stop pursuing their administrative remedies prematurely have not exhausted those remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Similarly, petitioners who either start or continue administrative remedy proceedings after filing their habeas petition have not satisfied the exhaustion requirement. *See Fuller*, 11 F.3d at 62; *see also Cartwright v. Outlaw*, 293 F. App'x 324, 324 (5th Cir. 2008) (per curiam); *Little v. U.S. Parole Comm'n*, 67 F. App'x 241, 2003 WL 21108493, at *1 (5th Cir. 2003) (per curiam). When a petitioner fails to exhaust available administrative remedies before filing a habeas petition, the petition is subject to dismissal. *See Fuller*, 11 F.3d at 62.

To the extent Chambers challenges the computation of his sentence by the Bureau of Prisons, he does not meet the exhaustion requirement. Chambers alleges that he filed a BP-9 with the warden in 2023. ECF No. 8-12 at 1. Elsewhere, he asserts that "[t]he Administration has never responded, including the Regional Director." Chambers did not provide the Court with a copy of the BP-10 allegedly submitted to the Regional Director. Regardless, Chambers did not complete the exhaustion process by filing a BP-11. *See* 28 C.F.R. § 542.18 ("If the prisoner does not receive a response within the permitted time, including any extension, the inmate may consider the absence of a response to be a denial at that level); 28 C.F.R. § 542.15. ("Appeal to the General Counsel is the final administrative appeal."). Accordingly, the Petition should be dismissed.

Chambers's Petition and Amended Petition also contain claims regarding the UCC and surety bonds, which have regularly been denied as lacking "an arguable basis in law, clearly delusional, and patently incorrect." *Ali v. Bragg*, 08-CV-90, 2008 WL 5683432, at *3 (W.D. Tex. Dec. 23, 2008). "No plaintiff or petitioner 'may discharge their debt, *i.e.*, a conviction, sentence or other basis for detention, under the UCC or other civil statutes and treaties" or under the mantle of sovereign citizen. *Ducker v. Pitre*, 3:23-CV-2546, 2023 WL 9183712, at *3 (N.D. Tex. Dec. 7, 2023), *report and recommendation adopted*, 2024 WL 102935 (N.D. Tex. Jan. 9, 2024) (internal quotations omitted).

## III. Conclusion

Because Chambers has not established that he exhausted administrative remedies as to the computation of his sentence, and he otherwise fails to state a viable claim under § 2241, IT IS RECOMMENDED that the Petition and Amended Petition (ECF Nos. 5, 8) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, December 4, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE